**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION**

| | |
|---|---|
| Silverback Royalties, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>Stephen P. Masten; Marilyn D. Masten;<br>Robert T. Blick; Kristina L. Blick;<br>Harold Manbeck; Keri J. Manbeck;<br>Cody Turner; Kincade D. Turner; Jonathan<br>Meek; Kandice R. Meek,<br><br>　　　　　　　Defendants. | CASE NO.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Silverback Royalties, LLC ("Silverback"), by and through its undersigned counsel, and for its Complaint against Defendants Stephen P. Masten, Marilyn D. Masten, Robert T. Blick, Kristina L. Blick, Harold Manbeck, Keri J. Manbeck, Cody Turner, Kincade D. Turner, Jonathan Meek, and Kandice R. Meek ("Defendants," and, with Silverback, "Parties"), hereby alleges as follows:

**INTRODUCTION**

1. In November of 2022, the Parties executed a written contract. Silverback agreed to pay $662,404.75 for a term royalty deed conveying 100% of the Defendants' royalty interests in minerals from land in Union Township, Ohio. The Parties further agreed that they would close their transaction after Silverback had 60 business days to conduct title review and due diligence on the relevant minerals and property.

2. In early 2023, after completing its due diligence, Silverback told the Defendants it was prepared to close the transaction, tendered the purchase price, and scheduled a closing.

3. Defendants refused Silverback's payment, skipped the closing, and are now reneging on the Parties' deal altogether. The Defendants have no legal right to do so, and their delay in completing the transaction they agreed to is causing, and will continue to cause, Silverback significant harm.

4. Silverback now sues the Defendants to enforce its right to take title to the royalty interests the Defendants agreed to transfer and to recoup its damages from their breach.

## PARTIES

5. Plaintiff Silverback is a Texas limited liability company with a principal place of business located at 7941 Katy Freeway #186, Houston, TX 77024.

6. Silverback is comprised of two members—an individual, Hayden Griffin Haby III, and a limited liability company, Six Crow, LLC.

7. Mr. Haby is domiciled in the State of Texas.

8. Six Crow, LLC is a Texas limited liability company comprised of two individual members—Charles McKinney and Paden McKinney—both of whom are domiciled in the State of Texas.

9. The Defendants are individuals who, upon information and belief, are domiciled in the State of Ohio in Carroll, Cuyahoga, and/or Tuscarawas County.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because each of the Defendants is a resident of Ohio in this judicial district and the property that is the subject of this litigation is situated in this district, as well.

## FACTUAL BACKGROUND

12. Silverback is in the business of acquiring mineral and royalty interests.

13. Upon information and belief, the Defendants are a family of Ohio residents that owned all rights, title, and interest to the oil, gas, and hydrocarbons (the "Minerals") located in, under, and that may be produced from seven parcels of land located in Union Township, Ohio (the "Property").[1] The Property consists of the following parcels:

| Tax Parcel ID | Described in Book/Page | Acres | Civil Twp. | Sec. | Twp. | Range |
|---|---|---|---|---|---|---|
| 59-00002-001 | 1366/377 | 160.000 | Union | 34 | 14 | 7 |
| 59-00003-001 | 1366/377 | 53.060 | Union | 34 | 14 | 7 |
| 59-00311-001 | 1350/2056 | 54.380 | Union | 33 | 14 | 7 |
| 59-00310-001 | 1350/2059 | 6.000 | Union | 33 | 14 | 7 |
| 59-01656-000 | 601/691 | 45.077 | Union | 24 | 14 | 7 |
| 59-00257-000 | 601/691 | 25.000 | Union | 24 | 14 | 7 |
| 59-00258-000 | 601/691 | 35.000 | Union | 24 | 14 | 7 |

14. Between October and November 2022, the Parties negotiated a sale of the Defendants' royalty interests in the Minerals to Silverback for a term.

15. On November 11, 2022, the Parties executed a Royalty Purchase and Sale Agreement wherein the Defendants agreed to convey their 100% royalty interest in and to all of the Minerals in, under, and that may be produced from the Property in Union Township for a term (the "Agreement," which is attached hereto as **Exhibit 1**).

---

[1] **NOTICE OF LIS PENDENS**: Pursuant to Ohio Revised Code § 5309.58, Silverback will file this Complaint with the clerk's office for Tuscarawas County in order to charge any and all third parties with notice of Silverback's royalty interests in, under, and that may be produced from the Property.

16. The Agreement provided that the Defendants would convey all of their royalty interests in the Minerals to Silverback for an initial term of ten years beginning on the Effective Date—November 30, 2022—and continuing thereafter subject to certain conditions that, if not met, would cause Silverback's royalty interests to revert back to the Defendants.

17. The Parties agreed to a purchase price of $662,404.75 for 100% of the Defendants' royalty interest in and to the Minerals for the specified term.

18. Pursuant to the Agreement, the Defendants were required to prepare and execute a "Term Royalty Deed" conveying 100% of their right, title, and interest in and to all royalties that may be produced from the Minerals and the Property to Silverback, along with any other necessary documents to carry out the purpose of the Agreement, prior to the closing date of the transaction.

19. The Parties agreed to close no later than February 14, 2023.

20. Pursuant to the Agreement, the Defendants were also required to transfer to Silverback any royalty revenue the Defendants received after the Effective Date—November 30, 2022—regardless of whether their rights to payment accrued on, before, or after the Effective Date.

21. On December 23, 2022, counsel for the Defendants, Brad Hillyer, emailed Paden McKinney—one of Silverback's owners—regarding the transaction.

22. Counsel for Silverback, Brandon Martin, responded to Mr. Hillyer that same day.

23. Messrs. Hillyer and Martin exchanged correspondence into January 2023.

24. On December 27, 2022, Silverback sent an initial payment towards the purchase price to Defendants by certified mail. This payment was retrieved from the post office on January 4, 2023.

25. On January 4, 2023, Mr. Martin informed Mr. Hillyer that Silverback was continuing to conduct its diligence pursuant to the Agreement and would be ready to close soon.

26. On January 9, 2023, Mr. Hillyer baselessly accused Silverback of violating Ohio law, threatened to notify the Ohio Department of Commerce about Silverback's business (which was not being conducted improperly in any way), stated that the Defendants would not complete the transaction with Silverback because the agreed-upon purchase price was insufficient, and said that he would refuse any payment Silverback made under the Agreement. All of these accusations and failures to respond were done in a bad faith effort to renege and/or renegotiate the Agreement.

27. On January 11, 2023, Paden McKinney informed the Defendants directly that Silverback had completed its due diligence and was prepared to close the Parties' transaction. Mr. McKinney asked the Defendants to provide their availability for the closing.

28. The Defendants did not respond to Mr. McKinney.

29. On January 18, 2023, Mr. Martin wrote to Mr. Hillyer to dispute his characterizations of Silverback, explain that the agreed-upon purchase price was sufficient because Silverback would take a speculative risk regarding the amount of royalties the Property would produce, and remind the Defendants that, in any event, the negotiation of the purchase price was conducted at arms-length and there is nothing to excuse the Defendants' non-performance of the Agreement.

30. Mr. Hillyer did not respond to Mr. Martin.

31. Nevertheless, Silverback sought to close the transaction on January 27, 2023, and was ready, willing, and able to do so on that date, but the Defendants failed to participate in the closing.

32. Silverback reserved and paid the rental fee for conference room space at an attorney's office in Tuscarawas County for the closing on January 27, 2023.

33. On January 25, 2023, Silverback also mailed checks with the remainder of the purchase price due under the Agreement to a landman at the attorney's office reserved for the closing. The landman retrieved the checks to be presented at the closing on January 26, 2023.

34. Silverback notified Defendants of the time and place for closing.

35. A representative for Silverback showed up to the rented conference room on January 27, 2023, prepared to close. Defendants did not.

36. The Defendants have not executed the Term Royalty Deed or otherwise transferred their royalty interests in the Minerals to Silverback.

37. The Defendants have not paid Silverback any royalty revenue they received after November 30, 2022, despite the fact that, upon information and belief, royalty revenue from the Minerals has accrued since that date.

## COUNT I – BREACH OF CONTRACT

38. Silverback incorporates by reference the foregoing allegations as if fully set forth herein.

39. The Agreement is a valid and enforceable contract negotiated at arms-length by Silverback and the Defendants.

40. Pursuant to the Agreement, Silverback promised to pay the Defendants $662,404.75, and the Defendants promised to execute a Term Royalty Deed transferring 100% of their royalty interests in Minerals from the Property and to pay Silverback any royalties that accrued from the Minerals starting on November 30, 2022.

41. The Defendants received valid consideration from Silverback in the Agreement.

42. Silverback performed all of its obligations under the Agreement, including conducting due diligence and tendering the agreed-upon purchase price.

6

43. Silverback has not breached the Agreement in any way that would excuse the Defendants' nonperformance of their obligations thereunder.

44. The Defendants breached the Agreement by refusing to close on the transaction, refusing to execute the Term Royalty Deed conveying its undivided interest in the Minerals to Silverback for the agreed-upon purchase price, and failing to pay Silverback the royalty interests that accrued on the Minerals after November 30, 2022.

45. Upon information and belief, royalties have already accrued on the Minerals since November 30, 2022.

46. The Defendants' breach has proximately caused Silverback actual damages, including, but not limited to, the loss of the benefit of the bargain, the failure to receive the accrued royalties that Silverback is entitled to under the Agreement, and Silverback's costs and expenses incurred seeking to enforce the Agreement—each category of which is ongoing.

47. The Defendants' breach has proximately caused Silverback future damages in the form of unaccrued royalty interests that, under the Agreement, belong to Silverback but which the Defendants, through their breach, have refused to convey. There is no adequate remedy at law with respect to royalties that have yet to accrue under the Agreement. Thus, without an order requiring specific performance of the Agreement, Silverback will continue to incur damages from the loss of unaccrued royalties—the valuation of which would be difficult, if not impossible, to calculate.

**COUNT II – QUIET TITLE**

48. Silverback incorporates by reference the foregoing allegations as if fully set forth herein.

49. Pursuant to Ohio Revised Code § 5303.01, a quiet-title action may be brought by a person in possession of real property against any person who claims an interest therein adverse to him for the purpose of determining such adverse interest.

50. Silverback's unaccrued royalty interests in the Minerals constitute real property.

51. Silverback is in constructive, equitable, and/or implied possession of the undivided 100% royalty interests in the Minerals that the Defendants agreed to convey to Silverback on November 30, 2022, under the Agreement.

52. The Defendants are making a claim adverse to Silverback's royalty interest in the Minerals granted under the Agreement by refusing to execute the Term Royalty Deed and withholding payment of royalties that have accrued since November 30, 2022.

53. Because Silverback's royalty interests are unique real property interests, and valuation of unaccrued royalties would be difficult, if not impossible, to calculate, there is no adequate remedy at law.

54. Silverback is entitled to a decree quieting title to the undivided 100% royalty interest in the Minerals granted to Silverback in the Agreement.

## COUNT III – DECLARATORY JUDGMENT

55. Silverback incorporates by reference the foregoing allegations as if fully set forth herein.

56. Pursuant to 28 U.S.C. § 2201 (a), in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration.

57. A real and justiciable controversy exists between Silverback and the Defendants.

58. Pursuant to the Agreement, the Defendants agreed to execute the Term Royalty Deed and convey an undivided 100% royalty interest in the Minerals to Silverback.

59. The Defendants are refusing to fulfill their obligations under the Agreement, including paying accrued royalties to Silverback, in a bad-faith effort to obtain a higher purchase price for their interests in the Minerals.

60. Silverback is entitled to a declaration that:

    a. Silverback has an undivided 100% royalty interest in the Minerals;

    b. Silverback is entitled to payment of the royalty interests that have accrued since November 30, 202; and

    c. Silverback is entitled to an award of attorneys' fees and costs incurred because of the Defendants' bad-faith effort to avoid its obligations under the Agreement in an effort to obtain a higher purchase price.

### COUNT IV – PROMISSORY ESTOPPEL

61. Silverback incorporates by reference the foregoing allegations as if fully set forth herein.

62. The Defendants promised to execute a Term Royalty Deed conveying 100% of their right, title, and interest in the royalties produced from the Minerals to Silverback.

63. The Defendants also promised that they would transfer to Silverback any royalties accrued after November 30, 2022.

64. The Defendants should have expected, and indeed were advised, that Silverback reasonably relied on the Defendants' promise to convey its interests under the Agreement, including, but not limited to, by completing its due diligence and making arrangements for closing.

65. Silverback sustained actual damages as the direct and proximate result of their detrimental reliance on the Defendants' promises.

### COUNT V – UNJUST ENRICHMENT

66. Silverback incorporates by reference the foregoing allegations as if fully set forth herein.

67. Pursuant to the Agreement, the Defendants are required to execute a Term Royalty Deed conveying an undivided 100% royalty interest in the Minerals to Silverback and pay Silverback for any royalties that have accrued since November 30, 2022.

68. The Defendants have refused to participate in a closing for the Agreement, to execute the Term Royalty Deed or otherwise convey their royalty interest in the Minerals, and to transfer to Silverback any accrued royalty payments.

69. Upon information and belief, royalties have already accrued on the Minerals since November 30, 2022.

70. Defendants have been unjustly enriched by retaining these accrued royalty payments that Defendants agreed to transfer to Silverback.

71. It would be unjust to permit Defendants to retain these royalty payments.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against all the Defendants, jointly and severally, and award Plaintiff the following relief:

A. Actual damages, in an amount in excess of $75,000 and to be determined at trial, including payment for royalties that have already accrued under the Agreement since November 30, 2022;

B. Specific performance of the Defendants' obligations under the Agreement;

C. A decree quieting title to the royalty interests in the Minerals of the Property in Silverback's favor, entitling it to all royalties from the undivided 100% royalty interest in the Minerals;

D. Attorneys' fees and costs, as provided by law;

E. Pre- and post-judgment interest, as provided by law; and

F. Such other and further relief as this Court deems just and equitable.

Dated: February 24, 2023                    Respectfully submitted,

                                                                                      */s/ Dante A. Marinucci*
Dante A. Marinucci (89402)
Brittany N. Lockyer (97923)
**BAKER & HOSTETLER LLP**
Key Tower, 127 Public Square, Suite 2000
Cleveland, OH 44114
Tel:    216.861.7342
Fax:   216.696.0740
Email:   dmarinucci@bakerlaw.com
             blockyer@bakerlaw.com

Gregory Cokinos (*pro hac vice* forthcoming)
Cory M. Curtis (*pro hac vice* forthcoming)
**COKINOS │ YOUNG**
Four Houston Center, 1221 Lamar, 16th Floor
Houston, TX 77010
Tel:    713.535.5597
Email:   ccurtis@cokinoslaw.com
             gcokinos@cokinoslaw.com

*Attorneys for Silverback Royalties, LLC*

11

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff Silverback demands a trial by jury of all issues which are subject to jury trial.

/s/ Dante A. Marinucci<br>
*One of the Attorneys for Silverback*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing and all attached documents were filed electronically on February 24, 2023, will be served pursuant to the Federal Rules of Civil Procedure upon receipt of signed summonses, and were sent by U.S. mail to the Defendants at the following addresses:

Stephen P. Masten
9052 Crum Rd SE
Sherrodsville OH 44675

Harold Manbeck
2556 Roxford Church Road SE
Dennison, OH 44621

Marilyn D. Masten
9052 Crum Rd SE
Sherrodsville OH 44675

Keri Manbeck
2556 Roxford Church Road SE
Dennison, OH 44621

Robert T. Blick
7303 Hilltop Rd SE
Dennison OH 44621

Jonathan Meek
5384 Wolf Rd SW
Port Washington OH 43837

Kristina L. Blick
7303 Hilltop Rd SE
Dennison OH 44621

Kandice R. Meek
5384 Wolf Rd SW
Port Washington OH 43837

Cody Turner
38814 Lochmoor Drive
Solon, OH 44139

Kincade D. Turner
38814 Lochmoor Drive
Solon, OH 44139

*/s/ Dante A. Marinucci*
*One of the Attorneys for Silverback*